**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 2:24-cr-00410-JDW** |
| **v.** | : | |
| | : | |
| **DAMION COOPER** | : | |

## MEMORANDUM

Damion Cooper seeks dismissal of his one-count indictment, arguing that the charge infringes his Second Amendment rights. However, because the Government has carried its burden of proving that dispossessing Mr. Garcia-Rivera of a firearm is consistent with the Nation's history of gun regulation—given the danger he poses to others—and because Mr. Cooper's other arguments fail, I will deny his Motion.

## I.    BACKGROUND

In 2005, Mr. Cooper pled guilty to possession with intent to deliver a controlled substance, and the state court judge sentenced him to two years of probation.[1] During that time, Mr. Cooper was charged with—and convicted of—additional crimes, including: simple assault, resisting arrest, possession with intent to deliver a controlled substance, carrying firearms without a license, carrying a firearm in public, possession of an instrument of crime, and being a felon in possession of a firearm.[2] In 2017, after serving a

---

[1]    *See* Court of Common Pleas of Philadelphia County, Docket No. CP-51-CR-0305371-2005.

[2]    *See* Court of Common Pleas of Philadelphia County, Docket No. CP-51-CR-0006192-2007.

sentence for those crimes, Mr. Cooper pled guilty to additional charges of carrying a firearm without a license, being a felon in possession of a firearm, and carrying firearms in public.[3]

The Government contends that on October 3, 2024, in Philadelphia, Pennsylvania, Mr. Cooper possessed a Glock Model 27 .40 caliber handgun that was loaded with fourteen live rounds of ammunition. On November 7, 2024, a grand jury indicted Mr. Cooper on one count: a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm.

Mr. Cooper admits that his state court convictions "make him a person not to possess a firearm under the current interpretation of 18 U.S.C. § 922(g)(1)." (ECF No. 15 at 4-5.) However, he argues that the statute is unconstitutional as applied to him after the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) and the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range I*"). He also contends that I should dismiss the indictment because Section 922(g)(1) is unconstitutional on its face and is void for vagueness. The Motion is ripe for disposition.

---

[3]     *See* Court of Common Pleas of Philadelphia County, Docket No. CP-51-CR-0003887-2016.

## II.    ANALYSIS

### A.    Section 922(g)(1) Is Constitutional As Applied To Mr. Cooper

The Second Amendment provides that a "well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Bruen*, the Supreme Court held that for the government to justify a firearm regulation, it "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. In applying *Bruen*, courts use a two-step framework. First, a court "decide[s] whether the text of the Second Amendment applies to a person and his proposed conduct." *Range v. Att'y Gen. United States*, 124 F.4th 218, 225 (3d Cir. 2024) ("*Range II*") (citation omitted). If the answer is yes, then the government bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* (quoting *Bruen*, 597 U.S. at 19).

In this case, the first step is easy. Governing precedent makes clear that despite his status as a convicted felon, Mr. Cooper is one of "the people" who have Second Amendment rights. *See id.* at 228. And there is no dispute that Section 922(g)(1) regulates Second Amendment conduct by making it unlawful for anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm or ammunition. 18 U.S.C. § 922(g)(1). The Government doesn't make any argument about this step of the *Bruen* test.

3

Instead, the second step is the nub of Mr. Cooper's motion. To resolve whether the Government may deprive Mr. Cooper of his right to keep and bear arms, I must determine whether the Government has shown that applying Section 922(g)(1) to him would be "consistent with the Nation's historical tradition of firearm regulation." *Range*, 124 F.4th at 228 (quotation omitted). Again, given recent controlling precedent, I have little trouble concluding that the Government has met its burden.

Last term, the Supreme Court held that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *United States v. Rahimi*, 602 U.S. 680, 702 (2024). Even though the Court considered the constitutionality of a statute other than Section 922(g)(1), it determined that there was "'ample evidence' of a tradition of disarming people who 'pose[ ] a clear threat of physical violence to another.'" *Range*, 124 F.4th at 230 (quotation omitted). In light of this particular historical tradition, "the Second Amendment's touchstone is dangerousness[.]" *Pitsilides v. Barr*, No. 21-3320, --- F.4th ---, 2025 WL 441757, at *5 (3d Cir. Feb. 10, 2025) (quotation omitted). Thus, the question becomes whether Mr. Cooper "would likely 'pose[] a physical danger to others' if armed[.]" *Id.* (same). I have little trouble concluding that he does.

*First*, "though ... drug dealing [is] not necessarily violent, [it is] dangerous because [it] often lead[s] to violence." *Folajtar v. Att'y Gen. of the United States*, 980 F.3d 897, 922 (3d Cir. 2020) (Bibas, J., dissenting). At least one Court of Appeals has described drug

4

dealing as a "prime example" of a crime that "pose[s] a significant threat of danger" and "justif[ies] a finding of danger" for Second Amendment purposes. *United States v. Williams*, 113 F.4th 637, 659 (6th Cir. 2024). And courts within the Third Circuit have determined that an underlying drug dealing conviction was sufficient to establish a criminal defendant's dangerousness. *See, e.g.*, *United States v. Mollett*, No. 3:21-CR-16-21, 2025 WL 564885, at *7 (W.D. Pa. Feb. 20, 2025); *United States v. Newkirk*, No. 2:20-CR-623, 2024 WL 3518109, at *8 (D.N.J. July 23, 2024).

*Second*, the Third Circuit has noted that a defendant's "[f]ailure to comply with a state firearm law is at least arguably dangerous." *United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir.), *cert. denied*, 145 S. Ct. 457 (2024). That makes sense, of course, because a "criminal conviction of unlawfully possessing a firearm 'demonstrates, at the very least, that [a defendant] has a history of disobeying firearm regulations specifically designed to protect public safety.'" *United States v. Garcia-Rivera*, No. 5:23-CR-118-01, 2023 WL 8894337, at *2 (E.D. Pa. Dec. 26, 2023) (quotation omitted).

*Third*, at least one court has concluded that a conviction for simple assault, like the one that Mr. Cooper has, demonstrates a defendant's dangerousness. *See United States v. Adams*, Case No. 3:23-CR-122, 2024 WL 54112, at * 10 (M.D. Pa. Jan. 4, 2024). Again, that makes sense because under Pennsylvania law, a charge of simple assault requires proof that a person "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa. C.S.A. § 2701(a)(1). These elements speak directly

to the physical threat that an individual poses to another and demonstrate that the person might engage in the types of confrontations that can escalate.

Thus, Mr. Cooper's prior convictions for possession with intent to distribute controlled substances, various firearms offenses, and simple assault demonstrate that he poses a danger to society, such that depriving him of firearms is consistent with our Nation's history of gun regulation. The Government has therefore met its burden to demonstrate that Section 922(g)(1) is constitutional as applied to Mr. Cooper.

### B.    Section 922(g)(1) Is Constitutional On Its Face

Having determined that Section 922(g)(1) is constitutional as applied to Mr. Cooper, his argument that the statute is unconstitutional on its face necessarily fails. A party asserting a facial challenge to a statute "must establish that **no** set of circumstances exists under which the [statute] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (emphasis added). "Because the statute is constitutional as applied to [Mr. Cooper], he has not shown that 'there is no set of circumstances' under which [Section 922(g)(1)] may be applied constitutionally." *Id.* at 415.[4] Thus, his facial challenge fails.

---

[4]    Given what the Supreme Court and Third Circuit have said about Section 922(g)(1), I'm hard pressed to think that the statute would be unconstitutional if it applied to someone with a prior conviction of attempted murder, for example. Thus, there is a set of circumstances in which the statute would be valid, so the facial challenge in this case and others must fail.

### C.    Section 922(g)(1) Is Not Unconstitutionally Vague

Mr. Cooper has not demonstrated that Section 922(g)(1) is void for vagueness, either. "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). In resolving a vagueness challenge, courts consider "whether [the] statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18-19 (2010) (quotation omitted).

Section 922(g)(1) is not vague as applied to the particular facts at issue. The plain text of the statute makes clear that a convicted felon is prohibited from possessing a firearm. And I have determined that the statute is constitutional as applied to Mr. Cooper, given the danger he poses to others if he were armed. The "mere fact that close cases can be envisioned" is not sufficient to render a statute vague because "[c]lose cases can be imagined under virtually any statute." *Williams*, 553 U.S. at 305-06. Mr. Cooper's criminal history means that this case is not a close one in any event. Whatever uncertainty *Range*

*I, Range II,* or *Pitsilides* might create for those at the margin, that uncertainty doesn't arise in this case. Thus, Section 922(g)(1) is not void for vagueness.[5]

### D. Controlling Precedent Forecloses Mr. Cooper's Final Argument

Finally, Mr. Cooper attempts to preserve an argument that Section 922(g)(1) is inconsistent with the original public meaning of the Constitution's Commerce Clause. In doing so, however, Mr. Cooper admits that "the Supreme Court's New Deal precedents and their progeny continue to foreclose this Court from second-guessing these decisions' broad view of Congress's power to regulate commerce." (ECF No. 15 at 12.) He is correct. *See United States v. Singletary,* 268 F.3d 196, 204 (3d Cir. 2001). Thus, there is no basis to dismiss the charge against him.

## III. CONCLUSION

Section 922(g)(1) was constitutional as applied to Mr. Cooper because he poses a danger to others, and that finding dooms his claim that the statute is unconstitutional on

---

[5]     I note that many of my colleagues have reached the same conclusion when faced with similar arguments. *See United States v. Murphy-Robinson,* No. 24-62, 2025 WL 52229, at *3 (E.D. Pa. Jan. 8, 2025) (Hodge, J.); *United States v. Easley,* No. 24-CR-152, 2024 WL 4821471, at *6 (E.D. Pa. Nov. 18, 2024) (Perez, J.); *United States v. Thrones,* No. 24-CR-042-1, 2024 WL 3204457, at *6 (E.D. Pa. June 25, 2024) (Goldberg, J.); *United States v. Speaks,* No. CR 22-154, 2024 WL 1333035, at *13 (E.D. Pa. Mar. 28, 2024) (Kearney, J.); *United States v. Miller,* No. 23-CR-135, 2024 WL 69140, at *5 (E.D. Pa. Jan. 5, 2024) (Rufe, J.); *United States v. Hydock,* No. CR 23-205, 2023 WL 8810793, at *7 (E.D. Pa. Dec. 20, 2023) (Padova, J.); *United States v. Ladson,* No. 23-CR-161-1, 2023 WL 6810095, at *5 (E.D. Pa. Oct. 16, 2023) (Baylson, J.); *United States v. Johnson,* No. 23-CR-77, 2023 WL 6321767, at *3 (E.D. Pa. Sept. 27, 2023) (Pappert, J.); *United States v. Green,* No. 22-CR-387, 2023 WL 6164407, at *2 (E.D. Pa. Sept. 21, 2023) (Diamond, J.); *United States v. Ames,* No. CR 23-CR-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023) (Kenney, J.).

its face. In addition, his remaining arguments are meritless. Thus, I will deny his Motion to

dismiss the indictment against him. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

Joshua D. Wolson, J.

February 25, 2025